# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION

## CIVIL CASE NO. 2:11cv33

| | |
|---|---|
| DONALD JENSEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| WESTERN CAROLINA UNIVERSITY, *et. al.,* ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on the following matters:

1. The Defendants' Motion for Summary Judgment [Doc. 30];

2. The Plaintiff's Motion to Amend Complaint [Doc. 37]; and

3. The Plaintiff's Motion to Voluntarily Dismiss Specific Claims [Doc. 40].

The Court has scheduled a hearing on the Defendants' Motion for Summary Judgment on December 7, 2012 at 9:00 a.m. The purpose of this Order is to dispose of the other two pending motions.

## PROCEDURAL HISTORY

On September 1, 2011, the Plaintiff initiated this action by filing his Complaint. [Doc. 1]. The dispute among the parties stems from the Plaintiff's previous employment at Western Carolina University (WCU). [Id.]. Before any

responses to that Complaint were made, the Plaintiff filed an Amended Complaint on September 19, 2011. [Doc. 8]. After issue had been joined, the initial Pretrial Order and Case Management Plan was entered on December 5, 2011. [Doc. 13].

On February 20, 2012, with the Defendants' consent, the Plaintiff filed another amendment to the complaint. [Doc. 15; Doc. 16]. In that pleading, the Plaintiff has alleged the following: (1) a claim pursuant to 42 U.S.C. §1983 for denial of due process in violation of the Fourteenth Amendment against all Defendants; (2) a claim for breach of employment contract against all Defendants; (3) a claim pursuant to §1983 for violation of the First Amendment against all Defendants; (4) a claim pursuant to N.C. Gen. Stat. §126-85, the so-called state Whistleblower Act, against Defendants WCU and the University of North Carolina (UNC); (5) a claim for defamation against Defendants Hudson, Zhang and McMahan; (6) a claim for state law civil conspiracy against the individual Defendants; and (7) a claim pursuant to Title VII against WCU and UNC for retaliation. [Doc. 15]. This amendment necessitated an Amended Pretrial Order and Case Management Plan which was filed on June 28, 2012. [Doc. 21]. The discovery deadline was July 16, 2012 and the deadline for dispositive motions was August 15, 2012. [Id.].

On July 19, 2012, a Certification of ADR Session was filed by M. Ann Anderson, mediator. [Doc. 24]. Ms. Anderson reported that although mediation was conducted, the parties reached an impasse. [Id.]. On August 20, 2012, after receiving a short extension, the Defendants filed their Motion for Summary Judgment. [Doc. 26; Doc. 30]. In response to that motion, the Plaintiff filed a motion for leave to file yet another amended complaint which would delete the Title VII cause of action and substitute in its stead a claim pursuant to Title IX of the Education Amendments of 1972, 20 U.S.C. §1681 (Title IX). [Doc. 37]. The next day, the Plaintiff moved to voluntarily dismiss *without prejudice* the breach of contract claim and the request for equitable relief sought in connection with the Whistleblower claim. [Doc. 40]. The Defendants' attorney reported their objection to dismissal without prejudice, presumably for the same reasons as stated in their pending motion for summary judgment.[1] The Plaintiff also seeks to dismiss *without prejudice* the Title VII claim, conceding that no such claim is viable on these facts. [Doc. 40 at 2]. No reason is given for the request to dismiss without prejudice a claim which the Plaintiff has conceded is not viable.

---

[1] The Defendants did not file separate response to the motion for voluntary dismissal since those same issues had been briefed in support of their pending motion for summary judgment. [Doc. 31].

## DISCUSSION

**The motion for leave to amend.**

The Plaintiff seeks leave to amend his complaint to delete his claim for retaliation based on Title VII and to reallege it pursuant to Title IX. The claim would be based on the same factual allegations as previously alleged; that is, that the Plaintiff was not reappointed as a teacher in retaliation for his role in reporting the complaints of two students that they had been sexually harassed by another faculty member. The Defendants object, arguing that amendment at this late date will prejudice them and pointing out that the Plaintiff has previously amended his complaint more than once without realizing the error.

The Plaintiff's position is that because the Title IX claim has the same elements as a Title VII claim, the Defendants cannot be prejudiced by amendment of the complaint at this time.[2] This argument, however, ignores the fact that the proposed amendment is sought after the expiration of the deadlines contained within the amended Pretrial Order and Case

---

[2] It is first noted that the Plaintiff has not submitted the proposed language of any such amendment. The Court is thus unable to ascertain whether the amendment would assert this claim against the individual defendants as well as the institutional defendants. Although under Title IX, an individual is protected from retaliation for complaining about discrimination on the basis of sex, any such claim may not be brought against individual defendants because Title IX encompasses retaliation by institutions which receive federal funding, not individuals who work therein. Jackson v. Birmingham Bd. of Educ., 544 U.S. 167, 178, 125 S.Ct. 1497, 161 L.Ed.2d 361 (2005).

4

Management Plan. When a motion for leave to amend is filed "after the deadlines provided by a scheduling order have passed, [Rule 16(b)(4)'s] good cause standard must be satisfied to justify leave to amend the pleadings." Nourison Rug Corp. v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008).

Here, the Plaintiff's first complaint was filed on September 1, 2011. [Doc. 1]. In that complaint, he alleged each of the claims currently asserted except the Title VII and breach of contract claims. [Id.]. On September 19, 2011, the Plaintiff amended that complaint to add the breach of contract claim. [Doc. 8]. Five months later, the Plaintiff amended the complaint by consent again to add the Title VII claim. [Doc. 15]. The parties then proceeded in accordance with the amended Pretrial Order and Case Management Plan. [Doc. 21]. Mediation was conducted on July 15, 2012; discovery concluded on July 16, 2012, and the pending dispositive motion was filed on August 20, 2012. Plaintiff's counsel concedes that it was only after receiving the Defendants' Motion for Summary Judgment that he realized the Title VII claim was fatally flawed: "In light of Defendants' correct briefing of the applicable law, [the Plaintiff] moves to voluntarily dismiss the Title VII claim." [Doc. 40 at 2]; "Defendants appear to be correct that Plaintiff's claim sounds in Title IX rather than Title VII, as Plaintiff was reporting the discrimination complaint of a

student rather than of a co-worker." [Doc. 41 at 21]. Thus, on September 17, 2012, two months after the close of discovery and almost one month after the filing of the Defendants' dispositive motion, the Plaintiff moved for leave to again amend the complaint to present a fourth version thereof.

> Given their heavy case loads, district courts require the effective case management tools provided by Rule 16. Therefore, after the deadlines provided by a scheduling order have passed, the good cause standard must be satisfied to justify leave to amend the pleadings. ... In his Motion for Leave to Amend, [the plaintiff] explained his delay: "In responding to the motion for summary judgment, [plaintiff's] counsel reviewed his defenses to the guaranty letter at issue in this case and noted that there was a defense available to [the plaintiff] that [counsel] had not raised in his Answer[.]" ... This is far short of what is required to satisfy the good cause standard, and the District Court thus properly denied the Motion [to amend].

Nourison Rug Corp. v. Parvizian, 535 F.3d at 298.

Likewise, in this case, Plaintiff's counsel candidly admits that he "mistakenly believed the termination of a teacher for opposing discrimination was a claim sounding in Title VII, but is now persuaded otherwise," having received the Defendants' motion for summary judgment. [Doc. 37-1 at 4]. No other reason is provided to show good cause for failing to move for leave to amend prior to this time. The burden of showing good cause is on the moving party. Id. at 298-299; United States v. Godwin, 247 F.R.D. 503, 508 (E.D.N.C. 2007).

"Rule 16(b)'s good cause standard focuses on the timeliness of the amendment and the reasons for its tardy submission; the primary consideration is the diligence of the moving party." Montgomery v. Anne Arundel County, 182 F. App'x. 156, 162 (4th Cir. 2006). "Good cause exists when a party's reasonable diligence before the expiration of the ... deadline would not have resulted in the discovery of the evidence supporting a proposed amendment." Firemen's Ins. Co. of Washington D.C. v. Glen-Tree Investments, LLC, 2012 WL 4191383 (E.D.N.C. 2012). Failure to recognize that the Title VII claim is not viable, and now seeking to assert a new claim under a completely different act falls "short of what is required to satisfy the good cause standard." Id. (quoting Nourison Rug Corp., 535 F.3d at 298); Stanley v. Huntington National Bank, __ F. App'x. __, 2012 WL 3570805 (4th Cir. 2012) (good cause not shown where motion to amend was made in reaction to summary judgment motion). "If a party could amend its complaint via summary-judgment briefing, Rule 15 and 16 and trial court scheduling orders would be meaningless." Hexion Specialty Chemicals v. Oak-Bark Corp., 2011 WL 4527382 **8 (E.D.N.C. 2011). Moreover, the facts on which the proposed amendment is based have been known to the Plaintiff since the initiation of this action in September 2011. Buckner v. United Parcel Service,

Inc., 2012 WL 1596726 (E.D.N.C. 2012) (citing Godwin, 247 F.R.D. at 508). The Court therefore finds that the Plaintiff has failed to show good cause, and leave to amend should not be granted. Cook v. Howard, __ F. App'x. __, 2012 WL 3634451 (4th Cir. 2012) (good cause standard is not met where party's attorney has not acted diligently).

Because the Plaintiff has not shown good cause, the Court is not obligated to consider the motion pursuant to Rule 15(a). Nourison Rue Corp., 535 F.3d at 299; Hexion, 2011 WL 4527382 (if the party fails to establish good cause under Rule 16, the trial court need not conduct the Rule 15 inquiry). Applying the Rule 15(a) considerations would not, in any event, provide relief to the Plaintiff here.

> Although leave to amend should be freely given when justice so requires, the district court may deny leave to amend for reasons "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc." ... [When a plaintiff has had] "many opportunities ... to present [his] claim," [such delay] warrant[s] denial of the motion to amend.

Glaser v. Enzo Biochem, Inc., 126 F. App'x. 593, 602 (4th Cir. 2005) (citing Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)) (other citations omitted). Moreover, "the further the case progresse[s] ..., the

8

more likely it is that the amendment will prejudice the defendant or that a court will find bad faith on the plaintiff's part." Laber v. Harvey, 438 F.3d 404, 427 (4th Cir. 2006).

Here, the Defendants aptly note that their motion for summary judgment has been filed and granting leave to amend the complaint to add another cause of action will deprive them of the possibility of obtaining summary judgment as to the newly raised claim. Thus, they have will have been prejudiced. Cadwell v. C.I.R., ___ F. App'x. ___, 2012 WL 2337353 (4th Cir. 2012) (delay alone rarely sufficient but delay accompanied by prejudice warrants denial of motion to amend); Linson v. Trustees of University of Pennsylvania, 1996 WL 637810 (E.D.Pa. 1996) (motion for leave to amend in response to summary judgment motion prejudicial). As noted above, the only reason given for the failure to cure the defect earlier is that counsel did not recognize it until he received the Defendants' summary judgment motion. The Plaintiff has thus on three previous occasions amended the complaint without curing this defect. United States *ex rel*. Black v. Health & Hosp. Corp. of Marion County, ___ F. App'x. ___, 2012 WL 3538820 **11 (4th Cir. 2012) (citing Foman, 371 U.S. at 182) (repeated failure to cure deficiencies by previously allowed amendments ground for not granting leave); Jones v.

9

HSBC Bank USA, N.A., 444 F. App'x. 640, 643 (4th Cir. 2011) (repeated failure to cure defect); Glaser, 126 F. App'x. at 602. Motions to amend made as a "last-ditch attempt to avoid the case being dismissed" do not warrant leave pursuant to Rule 15(a). Trans Video Electronics, Ltd. v. Sony Electronics, Inc., 278 F.R.D. 505, 510 (N.D.Cal. 2011), affirmed 475 F. App'x. 334 (Fed.Cir. 2012) (citation omitted). Nor is a motion for leave to amend "a vehicle to circumvent summary judgment." Schlacter-Jones v. General Tel., 936 F.2d 435, 443 (9th Cir. 1991), overruled in part on other grounds by Cramer v. Consolidated Freightways, Inc., 255 F.3d 683, 692 (9th Cir. 2001).

Granting the motion for leave to amend at this time could have further prejudicial impacts on the Defendants such as necessitating changes in trial preparation and adding expense. 6 Charles Alan Wright, *et. al*., Federal Practice and Procedure, §1487 (3d ed. 2012). Moreover, allowing an amendment at this point could result in a motion to continue the trial. Such a continuance would disrupt the Court's administration of justice and the management of its docket. Id.; Nourison Rug, 535 F.3d 295.

The Court finds that the Plaintiff is not entitled to amend his complaint pursuant to either Rule 16 or Rule 15(a) considerations.

**The Plaintiff's motion to dismiss.**

The Plaintiff seeks to dismiss without prejudice the cause of action for breach of contract, a portion of the Whistleblower claim and the Title VII claim. No reason for dismissal without prejudice, as opposed to with prejudice, has been provided and the motion will be denied as to the breach of contract and Whistleblower claims. As previously noted, the Plaintiff has conceded that no Title VII claim exists on the facts of this case. As a result, there is no reason to dismiss that claim without prejudice.

**ORDER**

**IT IS, THEREFORE, ORDERED** that, except as noted below, the Defendants' Motion for Summary Judgment [Doc. 30] is deferred to the time of hearing.

**IT IS FURTHER ORDERED** that the Plaintiff's Motion to Amend Complaint [Doc. 37] is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the Plaintiff's Motion to Voluntarily Dismiss Specific Claims [Doc. 40] without prejudice is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the Plaintiff having conceded that no Title VII claim is viable on the facts of this case, the Defendant's Motion for Summary Judgment [Doc. 30] is hereby **GRANTED** as to the Title VII claim which is hereby **DISMISSED** with prejudice.

Signed: November 6, 2012

Martin Reidinger
United States District Judge